No. 380
## MACK v. EDELSTEIN AND MACK
Ohio Court of Appeals, Cuyahoga County
No. 4300. April 16, 1923

This opinion has not been published except in Abstract.

ACKNOWLEDGMENTS—(1) Extent of evidence necessary to set aside the certifying signature of attesting officer—(2) Insufficiency of evidence to set aside execution of instrument.

Middleton, P. J., Sayre and Mauck, 4th Dist. Sitting

MIDDLETON, P. J.
### Epitomized Opinion
Appeal; Petition Dismissed

This was a petition by Mrs. Mack to set aside a mortgage given by her former husband and herself one Edelstein. The mortgage covered certain real estate owned by plaintiff and her husband in common and purports to have been given to secure a promisory note for $4,000 to Edelstein. Mrs. Mack testified that she was induced to sign this mortgage and note by fraud and misrepresentations of her husband and Edelstein. She further claimed that she never acknowledged the signing said mortgage before a notary public. The defendants claimed that the mortgage was given as security for a loan. Mrs. Mack's testimony was corroborated. As judgment was rendered for the defendants by Judge Newcomer, Mrs. Mack appealed the case. The Court of Appeals held:

1. Testimony of a party whose acknowledgment purported to be certified, unless supported by her evidence, is insufficient to overcome the certificate of the certifying officer, nor will a slight corroboration of the testimony of the acknowledging party falsify the certificate.

2. As the evidence in this case is insufficient to overcome certificate of the officer, the execution cannot be set aside.

Petition dismissed.

Attorneys—Willet & Pennell, for Mrs. Mack; Scott and Bissell, Contra.

No. 381
## BISHOP & BABCOCK CO. v. SWIFT CO.
Ohio Court of Appeals, Cuyahoga County
No. 4291. April 9, 1923

This opinion has not been published except in Abstract.

MOTOR VEHICLES—(1) Right of way under city ordinance—(2) Unavoidable accident.

VICKERY, P. J.
### Epitomized Opinion

This was an action brought by Swift & Co. for damages to its automobile truck brought in the Municipal Court of Cleveland, O. The truck was struck by a machine belonging to the Bishop & Babcock Co. at the intersection of E. 49th street and St. Clair avenue. The plaintiff's truck was going south on E. 49th street when it was struck by the defendant's machine which was being operated west on St. Clair avenue. The Bishop & Babcock Co. filed a counter-claim alleging that it was the fault of the Swift Co. The case was heard before Judge Dempsey, who rendered a judgment for the plaintiff for $549 upon the ground that the easterly and westerly traffic had the right of way. The defendant prosecuted error. The Court of Appeals in reversing the judgment held:

1. While the ordinance establishing a right that vehicles going in an easterly and westerly direction have the right of way, this only means that they have the right of way in those instance where they reach the intersection before the vehicles going north and south reach the same.

2. Under the facts of this case this accident seems to have been unavoidable and therefore neither party was entitled to recover.

Attorneys—Dustin, McKeehan, Merrick, Arter & Stewart, for Bishop & Babcock Co.; Squires, Sanders & Dempsey, for Swift & Co.

No. 382
## CLEVELAND RAILWAY CO. v. PRING.
Ohio Court of Appeals, Cuyahoga County
No. 4265. March 19, 1923

This opinion has not been published except in Abstract.

PERSONAL INJURIES — Prejudicial error—(1) Court's instruction must be limited to negligence alleged in petition—(2) Inconsistent instruction.

VICKERY, P. J.
### Epitomized Opinion

This was an action for personal injuries brought by Pring, a 15-year-old girl. The plaintiff claimed that while she was standing in a street car, she was thrown to floor by the violent and sudden starting of car. Evidence showed that girl was badly crippled. Special requests were submitted by both plaintiff and defendant. The plaintiff's charge was in effect that if the car started by an unusual jerk then defendant was liable. The defendant's request which was also given to the effect that there was no liability on defendant unless there was an unusual jerk. The court instructed that defendant might be liable if there was a sudden or unusual jerk and also that the street car company might be liable where the condition of the passenger was such to knowledge of operator of the car, to see that the passenger was safely seated before starting. As a verdict was rendered for plaintiff, error was prosecuted. In reversing Judge Barnes of Common Pleas Court, it was held by Court of Appeals.

1. The court's charge was erroneous in that it did not limit the grounds of negligence to those set forth in the petition.

2. Where the instructions in two different parts of court's charge are inconsistent and contradictory and it cannot be determined which instruction the jury followed, the charge is prejudicial.

Attorneys—Squire, Sanders & Dempsey, for Railway Co.; Sanborn, McConnel & Marsteller, for Pring.