No. 983

LEPPLEY v. SEITZ

Ohio Appeals, 1st Dist., Butler Co.
No. 260. Decided June 6, 1925

923. PLEADINGS—In an action for slander, the words constituting the slanderous remarks must be specifically set forth in the petition.

BUCHWALTER, P. J.

John Seitz brought this action against Wm. Leppley in the Butler Common Pleas for damages for slander. The first cause of action set forth, that Leppley, in publishing this slander, did so for the purpose of driving Seitz out of business, and averred malice, stating that Leppley spoke and published of and concerning him the false and malicious words to the following effect: "he (Seitz) is killing and selling diseased cattle."

A demurrer was filed to this cause of action by Leppley, which was overruled and an answer was then filed generally denying the cause of action. Upon a verdict being entered for Seitz, Leppley filed a motion for judgment on the pleadings as to this cause of action. The motion was overruled and judgment entered on the verdict.

Leppley prosecuted error upon this motion, the contention being that the petition did not state a cause of action in that the slanderous satement was not set out haec verba. The Court of Appeals held:

1. In an action for slander, the specific words constituting the slander charged must be set forth, except where statute permits otherwise, as does 11341 GC., with reference to obscene words.

2. "In an action for slander, the words spoken are presumed to have been spoken in the English language, unless the contrary is made to appear, and if spoken in a foreign tongue, there can be no recovery unless the words are set out in the tongue in which they were spoken, followed by a translation into English." Heeney v. Kilbane, 59 OS. 499.

3. The Court below committed error in overruling the motion for judgment non obstante verdict, and judgment will be reversed and rendered for Leppley.

Judgment reversed.

Attorneys—Giffen & Haines, Hamilton, for Leppley; C. W. Elliott, Middletown, for Seitz.

---

No. 984

FOSTER et v. FOSTER, et.

Ohio Appeals, 6th Dist., Wood Co.
No. 306. Decided Nov. 23, 1925

480. EVIDENCE—Where a written instrument is to be set aside on the ground of undue influence; it is for the plaintiff to prove the undue influence by clear and conclusive evidence and the preponderance thereof is not sufficient.

WILLIAMS, J.

This action was commenced in the Wood Common Pleas, by Lincoln Foster against Maud Foster et, to set aside a deed executed and delivered by Daniel Foster, now deceased, to Maud and Caroline Foster, conveying certain lands upon the grounds of undue influence and want of mental capacity. Judgment in the lower court was in favor of Maud Foster. Error was prosecuted and the Court of Appeals held:

1. In an action to have declared null and void a conveyance of land upon the ground of undue influence the burden is upon the plaintiff to establish his claim b yclear and convincing proof; and a mere preponderance of the evidence in plaintiff's favor is not sufficient. Willis v. Baker, 75 OS. 291.

2. Clear and convincing proof is required to warrant the reformation of a written document. 27 OS. 84.

3. The burden is upon the plaintiff to show by clear and convincing proof; a mere preponderance of the evidence is not sufficient. 45 OS. 1.

4. Following a long line of authorities, the evidence as presented does not constitute a cause for reversal.

Judgment affirmed.

Attorneys—S. W. Bowman for Lincoln Foster; Ladd and James for Maud Foster; all of Bowling Green.