KERINS v MAUMEE VALLEY MTGE CO.

Ohio Appeals, 6th Dist., Lucas Co.

No. 2058. Decided Nov. 30, 1928.

Lawton & Saalfield and D J O'Rouke, Toledo, for Kerins.

Fraser, Hiett & Wall, and Denman, Miller & Wall, Toledo, for Mtge Co.

HUGHES, J.

Appeal is before us on the issues between the plaintiff and the mortgage company. At the submission of the case here, it was conceded by both parties that the sole and only issue between them is whether or not the plaintiff signed the deed in question. that is, the deed from her to her son John dated July 30, 1925.

Mrs. Kerins the plaintiff, testified in positive terms that she did not sign this deed; that the signature thereon is not her genuine signature; that she never acknowledged the signature before the notary public whose name appears thereon nor before the witnesses who attested her signature. Her evidence is the only evidence in the case to support her claim that the signature on the deed is not genuine. There is no person familiar with her signature or her handwriting, who says that it is not her signature. True, one witness to the deed, A. S. Morse, testified that what purports to be his signature on this deed as a witness, is not his signature and that he did not witness the signing of the deed by the plaintiff. The notary public, H. Henry Miller, who is also an attesting witness, testified that he witnessed the signing of the deed by the plaintiff and took her acknowledgement thereof. The deed itself was introduced in evidence and is in all respects a regular warranty deed duly witnessed by two witnesses and acknowledged before a notary public.

What is above set forth, is in substance all the probative evidence in the case relevant to the issue between the parties, al-

though there is other evidence, some of which tends to impeach the witness Miller.

Were we called upon to dtermine and find that Mrs. Kerins actually executed this deed, if the burden of this issue were upon the defendant mortgage company, we would be filled with doubt as to what finding to make. However, in a case of this character, where the validity of what purports to be a valid and regularly executed deed, duly witnessed before two witnesses and acknowledged before a notary public whose seal is affixed, and then filed with the recorder and spread upon the records as a muniment of title to real estate, there can be no doubt but that he who assails such a deed must support his claim by clear and convincing evidence. **45 OS page 1. 24 C C (NS) 275,** and many similar cases. If courts were to accept the lone evidence of the grantor denying the execution of what purports to be his duly executed deed of conveyance, titles to our real estate would become quite insecure and uncertain. It must be more than this evidence, to warrant a decree to quiet one's claimed title against such a record.

It follows that the judgment of the court must be for the defendant The Maumee Valley Mortgage Company, and an entry may be drawn accordingly, with motion for new trial overruled and exceptions saved.

Before Judges Crow, Hughes and Justice.