PARAMOUNT FINANCE COMPANY, PLAINTIFF-APPELLEE, *v.* BERK ET, DEFENDANTS, SECOND FEDERAL SAVINGS AND LOAN ASSOCIATION OF CLEVELAND, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25708.   Decided February 1, 1962.

*Mr. Louis Lanza* and *Mr. William H. Kahan,* for plaintiff-appellee.

*Messrs. Lawrence & Bates,* for defendant-appellant: (The Second Federal Savings and Loan Association of Cleveland).

*Mr. Sanford S. Simms,* for defendants, Berk.

(BROWN, P. J., DONAHUE and GRIFFITH, JJ., of the Seventh District, sitting by designation in the Eighth District.)

*Per Curiam.* The appellant, Second Federal Savings and Loan Association of Cleveland, was the holder for value of a second mortgage of record on premises owned by one Berk. The appellee was the holder of a third mortgage on those premises. Upon foreclosure, the contention was made and upheld that the second mortgage lost its priority to the third mortgage because the second mortgage was not properly executed. The claim is that Berk's wife did not acknowledge the instrument before a notary public and that the instrument was not signed in the presence of two witnesses.

There is no dispute that Berk and wife went to the Second Federal to sign the mortgage. The evidence merely conflicts as to whether Berk's wife did so sign in the bank in the presence of the notary and the witnesses or did so in the car outside the bank and not in the presence of the notary and both witnesses.

The only affirmative evidence of irregularity in the formalities of execution and acknowledgment of the second mortgage is the testimony of Berk and wife, the mortgagors, that such irregularity did take place.

We hold that the testimony of Mr. and Mrs. Berk, the mortgagors, is insufficient in law to overcome the certificate of acknowledgment by the notary. *Ford* v. *Osborne*, 45 Ohio St., 1; *Mack* v. *Edelstein*, 1 Ohio Law Abs., 391; *White* v. *East Ohio Gas Co.*, 30 Ohio Law Abs., 275.

Since the evidence relating to acknowledgment is confined to the testimony of the mortgagors in this case, it is not sufficient to support a finding contrary to the certificate of acknowledgment and the affirmative testimony of the notary himself. The judgment below is against the manifest weight of the evidence and is without sufficiency of evidence and must be reversed.

The cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

Judgment reversed and cause remanded.

BROWN, P. J., DONAHUE and GRIFFITH, JJ., concur.