In re Charles T. BOWLING and Cathy J. Bowling, Debtors.

Henry E. Menninger, Jr., Trustee, Plaintiff,

v.

Mortgage Electronic Registration System, et al., Defendant.

Bankruptcy No. 03–10351.

Adversary No. 03–1614.

United States Bankruptcy Court, S.D. Ohio, Western Division.

June 10, 2004.

Gary Billig, Fairfield, OH, for Debtors.

Henry E. Menninger, Jr., Cincinnati, OH, Chapter 7 Trustee.

David A. Freeburg, Cleveland, OH, for MERS.

## *ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT*

J. VINCENT AUG, JR., Bankruptcy Judge.

This matter is before the Court on the Defendant Mortgage Electronic Registration System's Motion for Summary Judgment (Doc. 33), on the Memorandum in Opposition to Defendant Mortgage Electronic Registration System's Motion for Summary Judgment and Plaintiff Trustee's Cross Motion for Summary Judgment (Doc. 34), on Mortgage Electronic Registration System's ("MERS") Reply (Doc. 35) and on the Trustee's Surreply (Doc. 36).

This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (K). The following constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## I. Standard of Review

With respect to the standard of review for motions for summary judgment, the Sixth Circuit has stated,

A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Under this test, the moving party may discharge its burden by "pointing out to the [bankruptcy] court ... that there is an absence of evidence to support the nonmoving party's case." The nonmoving party cannot rest on its pleadings, but must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial. Although we must draw all inferences in favor of the nonmoving party, it must present significant and probative evidence in support of its complaint. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."

*Gibson v. Gibson (In re Gibson),* 219 B.R. 195, 198 (6th Cir. BAP 1998) (alterations in original) (quoting *Hall v. Tollett,* 128 F.3d 418, 421–22 (6th Cir.1997) (internal citations omitted)). "[O]n cross-motions for summary judgment, 'the court must evaluate each motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.'" *B.F. Goodrich Co. v. United States Filter Corp.,* 245 F.3d 587, 592 (6th Cir.2001) (quoting *Taft Broadcasting Co. v. United States,* 929 F.2d 240, 248 (6th Cir.1991)).

## II.  Facts

Debtor Charles T. Bowling is the owner of the real estate located at 4340 West Street, Oxford, Ohio. The deed conveying the real estate to Mr. Bowling was recorded on September 26, 2000, and reflects that he was married at that time. The deed does not, however, include a spouse of Mr. Bowling as a grantee.

On July 12, 2001, Mr. Bowling executed a promissory note in favor of Alta Financial Corporation, predecessor to MERS, in the amount of $116,073.00. On that same date, Mr. Bowling also executed a mortgage conveying the real estate as security for the promissory note. The mortgage was recorded on August 1, 2001, in the Butler County Recorder's Office. On its face, the mortgage reflects that Mr. Bowling's signature was notarized by Sharon R. Eisenhut. By her certificate, Ms. Eisenhut certifies that Mr. Bowling executed the mortgage in her presence. Debtor Cathy Bowling did not sign the promissory note or the mortgage.

The Debtors filed their chapter 7 petition on January 21, 2003.

On July 30, 2003, the Trustee filed a complaint seeking to avoid MERS' mortgage on the basis that it was defectively executed under Ohio Revised Code § 5301.01 and thus avoidable pursuant to 11 U.S.C. §§ 544 and/or 547. In an affidavit attached to the Trustee's Cross Motion for Summary Judgment, Mr. Bowling states that

> The closing took place at my home, and the only parties present were my wife, Cathy J. Bowling and a gentlemen named John. Sharon R. Eisenhut, the party signing the acknowledgement on the mortgage I executed at the time of closing was not present. I do not know Ms. Eisenhut, and certainly did not acknowledge the signing of that mortgage in her presence or to her at any time.

The Trustee also asserts that since Mrs. Bowling did not execute the mortgage, her dower interest in the real estate is property of the bankruptcy estate.

## III.  Discussion

This case involves a question of the validity of a mortgage concerning real property located in Ohio. Therefore, the law of Ohio governs the Court's decision on the following issues raised by the parties' summary judgment motions.

A.  Is Mrs. Bowling's inchoate dower interest in the real estate property of the bankruptcy estate?

B.  Do the amendments to Ohio Revised Code § 5301.01 eliminate the requirement that a notary must be present at the time the mortgage was signed?

C.  If a notarized signature is required, is Mr. Bowling's testimony alone sufficient to establish that the notary was not present at the time the mortgage was executed?

### A.  Inchoate Dower Interest

The Bankruptcy Code provides that the bankruptcy estate is comprised of all property, wherever located and by whomever held including all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a). Ohio statutes provide for dower rights as follows:

> A spouse who has not relinquished or been barred from it shall be endowed of an estate for life in one third of the real property of which the consort was seized as an estate of inheritance at any time during the marriage.

Ohio Revised Code § 2103.02 (Anderson 2002). It is uncontested that Mrs. Bowling did not execute any document(s) relinquishing her inchoate dower interest in the real estate.

An inchoate dower interest, as is applicable to the matter, *sub judice,* can be measured by present values when property is transferred without relinquishment of dower rights, e.g., in judicial sales. Thusly, it becomes clear that it is the dower interest, which is capable of valuation, that comes into the debtor's estate, and not the property itself....

Therefore, it becomes well-settled in Ohio that a dower interest capable of measurement is includible in the bankrupt estate.

*Airlines Reporting Corp. v. Lambert (In re Lambert),* 57 B.R. 710, 713 (Bankr. N.D.Ohio 1986); *see also Gilbert v. Castor (In re Castor),* 99 B.R. 807 (Bankr. S.D.Ohio 1989) (finding inchoate dower right of husband is property of the estate and citing various Ohio cases discussing method for determining value of inchoate dower); *In re Miller,* 151 B.R. 800 (Bankr. N.D.Ohio 1992) (wife is entitled to a homestead exemption in her husband's real estate based on the present value of her inchoate dower interest which is to be determined by use of the American Experience Table of mortality). "The inchoate and vested rights of a spouse, recognized at common law or created by statute, in the legal and equitable estates possessed by the other spouse during marriage or at the time of death fall within the scope of section 541(a)(1)." 5 LAWRENCE P. KING, COLLIER ON BANKRUPTCY ¶ 541.05[5] (15th ed. rev.2004). *But see Conrad v. Conrad (In re Conrad),* 12 B.R. 32 (Bankr. N.D.Ohio 1981) (Debtor husband's inchoate dower interest in non-debtor wife's real estate is too tenuous and is not property of the estate unless debtor's plan also provides for payments to creditors for which the real estate is liable). *Conrad* is distinguishable from the case at bar because the spouse of the debtor was not a co-debtor.

■ MERS argues that since dower rights are not transferrable they cannot be property of the estate. While this may have been true under the Bankruptcy Act,

Under the [current Bankruptcy] Code, *all* interests of the debtor in property come into the estate pursuant to section 541(a)(1) regardless of whether they are transferable, or whether creditors could have by some means reached them. Nonetheless, even though such interests may become property of the estate, it is expressly provided in section 522 that an individual debtor may then exempt property from the estate under the terms of section 522 "notwithstanding section 541."

COLLIER ON BANKRUPTCY ¶ 541.07 at 541–38; *see also Lambert,* 57 B.R. at 713 n. 2.

Based on the above, we find that Mrs. Bowling's inchoate dower interest in the real estate is property of the bankruptcy estate. We **GRANT** the Trustee's cross motion for summary judgment and **DENY** MERS' motion for summary judgment on this issue. In so finding, we make no determination as to the value of the dower interest or the Trustee's rights in such inchoate dower interest as against Mrs. Bowling.

*B. Whether A Notary Is Required Under § 5301.01*

MERS disputes Mr. Bowling's assertion that the notary, Sharon Eisenhut, was not present at the time Mr. Bowling executed the mortgage to MERS' predecessor. For purposes of reviewing MERS' motion for summary judgment on this issue, we draw the inferences in favor of the Trustee. Therefore, we assume Ms. Eisenhut was not present. This question of whether a notary is required to witness the mortgagor's execution of the mortgage is a question of law and the issue of whether the 2002 amendments to § 5301.01 changed

that requirement is one of first impression for this Court.

The relevant dates with respect to this issue are:

1. Effective June 30, 1999, Ohio Revised Code § 5301.234, as quoted below, was adopted.

2. July 12, 2001, Mr. Bowling executed the mortgage transferring the real estate to MERS' predecessor as security.

3. August 1, 2001, the mortgage was recorded in the Recorder's Office of Butler County, Ohio.

4. Effective February 1, 2002, § 5301.01 was amended, as quoted below, and § 5301.234 was repealed.

5. January 21, 2003, Mr. and Mrs. Bowling filed their chapter 7 petition.

6. July 30, 2003, Trustee filed his adversary complaint.

■ At the time Mr. Bowling executed the mortgage in this case, § 5301.01 required that "(1) [the mortgage] had to be signed by the mortgagor; (2) the signature had to be acknowledged by the mortgagor in the presence of two witnesses; and (3) the mortgagor's signature had to be acknowledged or certified by a notary public or other designated individual." *Ransier v. FSG (In re Collins)*, 292 B.R. 842, 846 (Bankr.S.D.Ohio 2003). At the time Mr. Bowling executed the mortgage, § 5301.234 was also in effect and provided as follows:

(A) Any recorded mortgage is irrebuttably presumed to be properly executed, regardless of any actual or alleged defect in the witnessing or acknowledgment on the mortgage, unless one of the following applies:

(1) The mortgagor, under oath, denies signing the mortgage.

(2) The mortgagor is not available, but there is other sworn evidence of a fraud upon the mortgagor.

(B) Evidence of an actual or alleged defect *in the witnessing or acknowledgment* on the mortgage is not evidence of fraud upon the mortgagor and does not rebut the presumption that a recorded mortgage is properly executed.

(C) The recording of a mortgage is constructive notice of the mortgage to all persons, including without limitation, a subsequent bona fide purchaser or any other subsequent holder of an interest in the property. An actual or alleged defect *in the witnessing or acknowledgment* on the recorded mortgage does not render the mortgage ineffective for purposes of constructive notice.

Ohio Rev.Code § 5301.234 (repealed 2002) (emphasis added). Section 5301.234 was adopted by the Ohio legislature in response to the numerous cases being brought by bankruptcy trustees to avoid mortgages that were improperly witnessed. *Davis v. Ocwen Federal Savings Bank, FSB (In re Haviaras)*, 266 B.R. 792, 796 (N.D.Ohio 2001). In effect, § 5301.234 eliminated the witness *and* acknowledgment requirements and created an irrefutable presumption (except in limited circumstances) that all recorded mortgages were properly executed. What is not totally clear, is whether the reference to "acknowledgement" referred only to the witness acknowledgment or also to the notary's acknowledgment. Since problems with the witness acknowledgment were the issue the legislature was addressing, it would make sense that "acknowledgement" referred only to that situation. However, § 5301.234 has been interpreted to mean that "in the absence of fraud, any mortgage which is to be executed in accordance with the laws of the state of Ohio now only requires the signature of the mortgagor"

which seems to indicate that the notary's acknowledgment was also no longer required. *Hunter v. Contimortgage Corp. (In re Rice),* No. 00–3139, 00–31646, 2001 WL 34076613, at *4 (Bankr.N.D.Ohio July 12, 2001). However, we do not have to resolve that question because § 5301.234 was repealed effective February 1, 2002. The "repeal of a statute renders it henceforth inoperative." *Suhar v. Land (In re Land),* 289 B.R. 71, 76 (Bankr.N.D.Ohio 2003). *See also In re Huffman,* 369 F.3d 972, 976 (6th Cir.2004) ("Section 5301.234 being unconstitutional, it had no force at the commencement of the cases and could not bar the trustee from avoiding the mortgages.") (citing *Rossborough Mfg. Co. v. Trimble,* 301 F.3d 482, 491 (6th Cir. 2002) ("The rule in Ohio has long been that when a statute is held to have been unconstitutional as of its enactment, that statute is void *ab initio*.")). Therefore, we find that § 5301.234 is not applicable to the mortgage in this case. At the same time that § 5301.234 was repealed, § 5301.01 was amended to provide:

(A) A ... mortgage ... shall be signed by the ... mortgagor .... The signing shall be acknowledged by the ... mortgagor ...before a judge or clerk of a court of record in this state, or a county auditor, county engineer, notary public, or mayor, who shall certify the acknowledgement and subscribe the official's name to the certificate of the acknowledgement.

(B)(1) If a ... mortgage ... was executed prior to the effective date of this amendment and was not acknowledged in the presence of, or was not attested by, two witnesses as required by this section prior to that effective date, both of the following apply:

(a) The instrument is deemed properly executed and is presumed to be valid unless the signature of the ... mortgagor ... was obtained by fraud.

(b) The recording of the instrument in the office of the county recorder of the county in which the subject property is situated is constructive notice of the instrument to all persons, including without limitation, a subsequent purchaser in good faith or any other subsequent holder of an interest in the property, regardless of whether the instrument was recorded prior to, on, or after the effective date of this amendment.

(2) Division (B)(1) of this section does not affect any accrued substantive rights or vested rights that came into existence prior to the effective date of this amendment.

Ohio Rev.Code § 5301.01 (Anderson Supp. 2003). The Debtors did not file their chapter 7 petition until January 21, 2003, after the effective date of the amendment to § 5301.01 and therefore, § 5301.01, as amended, is applicable to this case. *See In re Huffman,* 369 F.3d at 977 (discussing trustee's substantive and vested rights under § 5301.01).

MERS argues that the purpose of the amendment to § 5301.01 is to provide that a recorded mortgage, regardless of actual or alleged defects in the witnessing or acknowledgment of the mortgage, is constructive notice of the mortgage. MERS argues that the legislature intended this result whether the defect in execution of the mortgage relates to merely the prior witness requirement or the requirement that the mortgage be signed in the presence of a notary public. When interpreting statutory language, we look first to the plain language of the statute. *See United States v. Choice,* 201 F.3d 837, 840 (6th Cir.2000) (citations and internal quotations omitted). In reviewing the plain language, structure and design of amended § 5301.01, we do not agree that MERS'

presents an accurate interpretation of this statute.

■ Amended § 5301.01 shows an improvement in drafting from § 5301.234 by separating the notary and witness requirements into two separate paragraphs. The notary requirements are contained in subparagraph (A) and retain the requirement that the mortgage be executed in the presence of a notary public or other designated official. The witness requirements are contained in subparagraph (B). Subparagraph (B)(1) refers to mortgages executed prior to the amendment and removes only the requirement for two witnesses to the execution of the mortgage. Subparagraph (B)(1) continues by providing in subparagraphs (B)(1)(a) and (b) that the prior failure to have had a mortgage properly witnessed does not (a) result in the instrument being improperly executed or (b) result in the instrument's failure to provide constructive notice to third parties upon recordation. There is no reference in subparagraph (B)(1) relating to the notary requirement. It does not follow from any interpretation of the plain language of § 5301.01 that mortgages that are not properly notarized are also deemed properly executed, entitled to recordation and to provide constructive notice of the mortgage to all persons.

Further, if the legislature intended that improperly notarized mortgages were valid and provide constructive notice, it would have retained subparagraph (A) of § 5301.234 creating the irrebutable presumption that all recorded mortgages are properly executed rather than structuring the statute so that the presumption only applies to subparagraph (B) of amended § 5301.01 regarding the prior witness requirement.

Therefore, we find that amended § 5301.01 requires that the signing of a mortgage must be acknowledged before a notary public or similarly designated officer. Otherwise, the mortgage is not properly executed and is not entitled to be recorded. As such, it does not provide constructive notice to third parties.

*C. Per se Rule Regarding Sufficiency of Mortgagor's Testimony to Overcome Notary's Acknowledgment*

■ MERS suggests that even if a notary's certification and acknowledgment is required for the mortgage to be properly executed that Ohio has adopted a per se rule that the mortgagor's testimony alone is never sufficient to overcome the presumption of validity of the mortgage. We do not believe this is an accurate statement of the law in Ohio.

■ In *Paramount v. Berk,* 179 N.E.2d 788 (Ohio App.1962), the Ohio Court of Appeals found that the testimony of "the mortgagors is insufficient in law to overcome the certificate of acknowledgment by the notary." *Paramount,* 179 N.E.2d at 788 (citations omitted). However a closer reading of *Paramount* indicates that the court held the mortgagors' testimony to be insufficient as against the certificate of acknowledgment *and* the affirmative testimony of the notary. *Id.* at 788–89. The Sixth Circuit has analyzed *Paramount* and concluded that "Ohio courts have not explicitly established a per se rule that precludes a party from relying solely on the mortgagor's testimony to establish that a mortgage has been improperly executed." *Simon v. Chase Manhattan Bank (In re Zaptocky),* 250 F.3d 1020, 1025 (6th Cir. 2001). The Sixth Circuit also criticized the decision in *Baumgart v. Ford Consumer Finance (In re Salamone),* 231 B.R. 628, 633 (Bankr.N.D.Ohio 1999) where the bankruptcy court found that the *"Paramount* case created a rule that a mortgagor's testimony standing alone can never overcome a notary's affirmative testimony

regarding the attestation of *witnesses."* *In re Zaptocky*, 250 F.3d at 1026, n. 2 (emphasis added). Disagreeing with this position, the Sixth Circuit stated:

Although it is possible to extrapolate this holding from the facts and language of the *Paramount* case, we do not believe that the *Paramount* Court intended to create a new per se rule in its brief per curiam opinion, which is only a little over one page in length. This per se rule is not enunciated by the plain language of the court's decision which refers only to "acknowledgement" and it is not supported by any of the cases that the *Paramount* Court cited.

*Id.* We believe *In re Zaptocky* is instructive and supports a finding that Ohio has not adopted a per se rule that the mortgagor's testimony alone is never sufficient to overcome the presumption of validity of the notary's certificate of acknowledgment. *See also In re Collins*, 292 B.R. 842 (on motion for summary judgment, the court considered whether debtor's testimony alone was sufficient to determine that the mortgage was invalid when neither witnesses nor notary were present at the time the mortgage was signed).

The trustee in *In re Collins* presented evidence by affidavit of the debtor that the debtor was the only person present when he executed the mortgage and that there were no witnesses present and no notary present. The mortgagee in *In re Collins* failed to contest the debtor's affidavit or to present any evidence that its witnesses or notary were present when the debtor signed the mortgage. The mortgagee further failed to present any evidence that the debtor's situation was contrary to the mortgagee's usual business practices. Therefore, the court found that the trustee had met his burden of proof establishing that the mortgage was not acknowledged appropriately.

We now consider the Trustee's cross motion for summary judgment on the issue that the mortgage is defective because of the lack of presence of the notary at the time Mr. Bowling executed the mortgage; and, therefore, that the Trustee is entitled to avoid the mortgage pursuant to its strong-arm powers under § 544(a)(3).

The Trustee must show by clear and convincing evidence that the mortgage was not signed and notarized as purported. *Ford v. Osborne*, 45 Ohio St. 1, 12 N.E. 526, 527 (1887); *see also Weaver v. Crommes*, 109 Ohio App. 470, 167 N.E.2d 661 (1959) ("The presumption of validity ... can be overcome only by clear and convincing proof; and he who challenges it must sustain the burden of such proof."). "Clear and convincing evidence may be defined as that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established." *Yoppolo v. Household Realty Corp. (In re Winland)*, 276 B.R. 773, 784 (Bankr. N.D.Ohio 2001) (citing *Helbling v. Williams (In re Williams)*, 240 B.R. 884, 888 (Bankr.N.D.Ohio 1999) and *Cross v. Ledford*, 161 Ohio St. 469, 477, 120 N.E.2d 118 (1954)).

MERS contests Mr. Bowling's assertion that Ms. Eisenhut was not present when Mr. Bowling signed the mortgage. However, similar to the mortgagee in *In re Collins*, MERS has presented no evidence that Ms. Eisenhut was present. MERS has presented no evidence of the general business practices of MERS' predecessor. Mr. Bowling has testified by affidavit that the refinancing was done at his home and that there was only one other person besides Mr. and Mrs. Bowling present at the closing, that being a male by the name of "John." As the court in *In re Zaptocky* noted, a refinancing is an extraordinary event for a consumer. It would stick out

in Mr. Bowling's mind. In particular, it seems that Mr. Bowling would remember whether the person coming to close the loan was male or female. *See In re Zaptocky*, 231 B.R. at 264; *see also In re Collins*, 292 B.R. at 848.

MERS cannot rest on its pleadings alone, "but must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *In re Gibson*, 219 B.R. at 198. MERS' mere argument that the notary was present, is not sufficient. There is no per se rule in Ohio that Mr. Bowling's testimony alone is insufficient to overcome the notary's certification. We find that in the absence of MERS' presentation of any evidence to the contrary, that the Trustee has met his burden and presented clear and convincing evidence that a notary was not present at the time Mr. Bowling executed the mortgage. The Trustee's motion for summary judgment is **GRANTED**.

█ Finally, MERS has not addressed the Trustee's argument that contrary to assertions in MERS' answer, MERS is not entitled to a lien in the real estate pursuant to § 550. The Sixth Circuit has recently addressed this matter and determined that where the Trustee has avoided a mortgage pursuant to its strong-arm powers, the mortgagee's interest is preserved and becomes a part of the bankruptcy estate without the need for the trustee to resort to the recovery process pursuant to § 550(a). Therefore, the statutory provisions of § 550(e) providing for a replacement lien for the creditor are not triggered for the benefit of the mortgagee. *Suhar v. Burns (In re Burns)*, 322 F.3d 421 (6th Cir.2003). Based on this Sixth Circuit precedent and MERS' failure to address the issue in its pleadings, we further find that MERS is not entitled to a replacement lien pursuant to § 550.

*IV. Conclusions*

1. We hereby **DENY** the Defendant Mortgage Electronic Registration Systems' motion for summary judgment in its entirety.

2. We hereby **GRANT** the Plaintiff Trustee's cross motion for summary judgment as follows:

a. Mrs. Bowling's inchoate dower interest is property of the estate. In so finding, we make no determination as to the value of the dower interest or the Trustee's rights in such inchoate dower interest as against Mrs. Bowling.

b. Amended § 5301.01 requires that the signing of a mortgage must be acknowledged in the presence of a notary public or similarly designated officer. Otherwise, the mortgage is not properly executed and is not entitled to be recorded. As such, it does not provide constructive notice to third parties.

c. The Trustee has met his burden of presenting clear and convincing evidence that a notary was not present at the time Mr. Bowling executed the mortgage in this case. The Trustee is, therefore, entitled to avoid the mortgage pursuant to his strong-arm powers under § 544(a)(3).

d. MERS is not entitled to a lien in the real estate pursuant to 11 U.S.C. § 550.