ELECTRONIC CITATION: 2001 FED App. 0008P (6th Cir.)
File Name: 01b0008p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re: JEROME JOHN PERIANDRI, | ) |
| | ) |
| Debtor. | ) |
| | ) |
| _____ | ) |
| | ) |
| ALAN J. TREINISH, | ) |
|     CHAPTER 7 TRUSTEE, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | )     No. 00-8087 |
| | ) |
| NORWEST BANK MINNESOTA, N.A., et al., | ) |
| | ) |
| Defendants-Appellees. | ) |
| _____ | ) |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio, Eastern Division at Cleveland.
No. 99-13573, Adv. No. 00-1176.

Argued: June 6, 2001

Decided and Filed: September 10, 2001

Before: BROWN, COOK, and HOWARD,
Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:** Stephen D. Hobt, Cleveland, Ohio, for Appellant. Amelia A. Bower, Cleveland, Ohio, for Appellees. **ON BRIEF:** Stephen D. Hobt, Cleveland, Ohio, for Appellant. Amelia A. Bower, Cleveland, Ohio, for Appellees.

1

---

**OPINION**

---

WILLIAM HOUSTON BROWN, Bankruptcy Appellate Panel Judge. The Chapter 7 trustee appeals the bankruptcy court's order granting summary judgment to Norwest Bank Minnesota, N.A. ("Norwest") based on Ohio's lis pendens statute, Ohio Rev. Code § 2703.26. The bankruptcy court's order assumes that the Chapter 7 trustee could not obtain the status of a bona fide purchaser under Ohio law in order to avoid Norwest's mortgage under 11 U.S.C. § 544(a)(3) due to the constructive notice provided by Norwest's foreclosure action that was pending in state court when the bankruptcy petition was filed. For the reasons stated below, we **AFFIRM** the decision of the bankruptcy court.

## I. Issue on Appeal

The issue on appeal is whether Norwest's pending state court foreclosure action provided constructive notice to the Chapter 7 bankruptcy trustee pursuant to Ohio's lis pendens statute so as to prevent the trustee from obtaining the status of a bona fide purchaser under 11 U.S.C. § 544(a)(3).

## II. Jurisdiction and Standard of Review

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized

2

appeals to the appellate panel. A final order of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1).

The bankruptcy court's order granting summary judgment, which is a final order, presents a conclusion of law that is reviewed de novo. *Myers v. IRS (In re Myers)*, 216 B.R. 402, 403 (B.A.P. 6th Cir. 1998), *aff'd*, 196 F.3d 622 (6th Cir. 1999). "De novo means that the appellate court determines the law independently of the trial court's determination." *Id.* (quoting *Corzin v. Fordu (In re Fordu)*, 209 B.R. 854, 857 (B.A.P. 6th Cir. 1997)). "No deference is given to the trial court's conclusions of law." *Booher Enters. v. Eastown Auto Co. (In re Eastown Auto Co.)*, 215 B.R. 960, 964 (B.A.P. 6th Cir. 1998) (citation omitted).

## III. Facts

Norwest is the holder of a first mortgage on Mr. Periandri's ("Debtor") residence. The mortgage was executed by the Debtor on March 31, 1997. On February 13, 1998, Norwest commenced a foreclosure action against the Debtor in state court, which was stayed upon the filing of the Debtor's Chapter 13 bankruptcy case on May 11, 1999. The Chapter 13 case was then converted to a case under Chapter 7 on March 10, 2000, and Mr. Treinish, the appellant ("trustee"), was appointed as the case trustee. The foreclosure action is unresolved and is still pending in the state court.

After the first meeting of creditors, the Chapter 7 trustee filed a complaint pursuant to 11 U.S.C. § 544(a)(3) to determine the validity of Norwest's mortgage and to set the mortgage aside as improperly executed. The complaint alleged that the Debtor's signature on the mortgage instrument was witnessed by only one person in violation of Ohio Rev.

Code § 5301.01[1], thus rendering the mortgage defective and avoidable by the trustee standing in the shoes of a bona fide purchaser.[2] The trustee's complaint was met with a motion for summary judgment contending that, pursuant to Ohio's lis pendens statute, the state court foreclosure action provided constructive notice to the trustee, thus preventing the trustee from obtaining the status of a bona fide purchaser for purposes of avoidance under § 544(a)(3).

On appeal, the trustee argues that the lis pendens statute does not operate to transform the allegedly invalid mortgage into a valid lien. He contends that because the mortgage is invalid no constructive notice was provided by the filing of the foreclosure action so as to defeat the bona fide purchaser status afforded to the trustee under § 544(a)(3). In an order granting Norwest's summary judgment motion, the bankruptcy judge simply stated: "This Court finds that the portion of the Motion for Summary Judgment relating to Ohio's lis pendens statute, Ohio Rev. Code § 2703.26, is well taken and is, therefore, granted." This appeal followed.

---

[1] Ohio Rev. Code § 5301.01 provides, in part:

> A deed, mortgage, land contract . . . or lease of any interest in real property . . . shall be signed by the grantor, mortgagor, vendor, or lessor in the case of a deed, mortgage, land contract, or lease. . . . The signing shall be acknowledged by the grantor, mortgagor, vendor, or lessor . . . in the presence of two witnesses, who shall attest the signing and subscribe their names to the attestation. The signing shall be acknowledged by the grantor, mortgagor, vendor, or lessor . . . before a judge or clerk of a court of record in this state, or a . . . notary public . . . who shall certify the acknowledgment and subscribe his name to the certificate of the acknowledgment.

[2] "Ohio Revised Code section 5301.234 provides that, beginning on June 30, 1999, a defectively executed but recorded mortgage can be constructive notice to third parties, including bona fide purchasers." *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1028 n. 5 (6th Cir. 2001). That change in Ohio's Code is not raised as an issue before this panel.

4

## IV. Discussion

Before beginning our analysis, we note what we do not decide in this appeal. Whether the mortgage was defectively executed under Ohio Rev. Code § 5301.01 is not before this panel, since the grant of summary judgment precluded a determination of that issue. The effect of defective execution upon recording of a mortgage in Ohio is not an issue before us. *See Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1027-28 (6th Cir. 2001) ("At the time that the Zaptockys filed for bankruptcy Ohio law provided that an improperly executed mortgage does not put a subsequent bona fide purchaser on constructive notice."). As the Sixth Circuit's statement indicates, effective recording of mortgages is one form of constructive notice of the mortgagee's interest in the property described in the recorded mortgage.

At issue in this appeal is whether Ohio's lis pendens statute, Ohio Rev. Code § 2703.26, provides another form of constructive notice and, if so, whether its effect in this case is to deprive the trustee of bona fide purchaser status. We conclude that lis pendens operates upon the filing of a judicial foreclosure suit in Ohio, if the subject property is specifically described, and that it provides constructive notice to all of the mortgagee's interest, whatever that may be.[3] Under the undisputed facts of this case, the Chapter 7 trustee had constructive notice of Norwest's equitable interest at the time the bankruptcy

---

[3] "The general rule is that in order for lis pendens to apply to a particular piece of property in any kind of an action, that property must be specifically identified or described in the pleadings....Ohio follows the general rule. In every case where lis pendens has been recognized the petition has described particular property." *Domino v. Domino,* 99 N.E.2d 825, 828 (Ohio Ct. Com. Pl. 1951). See also *Sweigart v. Piqua Milling Co.,* 57 N.E.2d 327, 330 (Ohio Ct. App. 1943), for a similar expression of the rule. The record before this panel includes Norwest's complaint for foreclosure, which exhibits a copy of the mortgage and its description of the Debtor's property.

5

case was commenced so as to bar the trustee's use of § 544(a)(3) of the Bankruptcy Code.

Section 544(a)(3) provides:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by –
. . . .
(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

It is well established that state law determines the extent of the trustee's rights under § 544(a)(3). *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 232 B.R. 76, 79 (B.A.P. 6th Cir. 1999) (citing *Owen-Ames-Kimball Co. v. Mich. Lithographing Co. (In re Mich. Lithographing Co.),* 997 F.2d 1158, 1159 (6th Cir. 1993) ("State law governs who may be a bona fide purchaser.")), *aff'd,* 250 F.3d 1020 (6th Cir. 2001). "Accordingly, the trustee can prevail only if, under Ohio law, a person with the status described in § 544(a)(1), (2), or (3) as of the commencement of the case could avoid [the mortgagee's] interest in the Debtors' property under the mortgage." *In re Zaptocky*, 232 B.R. at 79-80.

The statute's "knowledge of the trustee" is a reference to actual knowledge. *See, e.g., Watkins v. Watkins,* 922 F.2d 1513, 1514 (10th Cir. 1991) ("The trustee, however, assumes the bona fide purchaser position subject to the state's constructive notice law.") (citations omitted). As the Sixth Circuit has recognized, "the Bankruptcy Code's strong arm clause does not immunize a trustee who has constructive knowledge of a prior mortgage."

6

*In re Zaptocky*, 250 F.3d at 1027 (citing *In re Mich. Lithographing Co.,* 997 F.2d at 1159).

*See also, Probasco v. Eads (In re Probasco)*, 839 F.2d 1352, 1354-55 (9th Cir. 1988) (debtor in possession's constructive notice of unrecorded property interest precluded avoidance); *Condren v. Harrison (In re Borison),* 226 B.R. 779, 787 (Bankr. S.D.N.Y. 1998) ("Although Code § 544(a)(3) elevates a trustee to the status of a bona fide purchaser even if the debtor had actual knowledge of an adverse interest, it does not clothe a trustee with this protective mantle if there was no way, under the applicable state law, that anyone could attain the status of a bona fide purchaser.").  Further, "[t]he provision of Bankruptcy Code § 544(a)(3) that the trustee takes the powers of a bona fide purchaser of real property, 'without regard to any knowledge of the trustee or any creditor,' does not over-ride provisions of state law which impute notice of claims to real estate, such as a *lis pendens*, to all the world." *Saghi v. Walsh (In re Gurs)*, 27 B.R. 163, 164 (B.A.P. 9th Cir. 1983) (quoting 11 U.S.C. § 544(a)).

This brings us to the language of Ohio's statute, which provides:

> When summons has been served or publication made, the action is pending so as to charge third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title.

Ohio Rev. Code § 2703.26.

Lis pendens is founded on public policy and "'the necessity of such rule to give effect to the proceeding of a court of justice.  Without it, every judgment and decree for specific property might be rendered abortive by successive alienations.'"  *Meck v. Clabaugh,* 16 Ohio App. 367, 1922 WL 1722, at *1 (Ohio Ct. App. 1922) (citation omitted); *see also In re Borison*, 226 B.R. at 790.  The doctrine has enjoyed long vitality in Ohio.

7

*See Cook v. Mozer*, 140 N.E. 590, 592 (Ohio 1923) (reviewing principles of lis pendens doctrine).

The Ohio statute itself is composed of two sentences, each of which functions in a different way to accomplish the same end. The first sentence provides that the very existence of an action involving specifically described property gives all persons "notice of its pendency." Thus, any prospective purchaser or encumbrancer "is chargeable with constructive notice of the pendency of such suit, so as to render his interest in the subject of it liable to its event." *Ludlow v. Kidd's Executors,* 3 Ohio 541, 542 (Ohio 1828).

Since lis pendens charges everyone with constructive notice of the lawsuit, the Chapter 7 trustee is on such notice. Once on notice of the lawsuit, the trustee's situation, like that of any potential purchaser of the property, changes, for

> while the provisions of § 544(a)(3) state that the Trustee takes the powers of a bona fide purchaser of real property "without regard to any knowledge of the Trustee or any creditor," §544(a)(3) does not override provisions of state law which impute notice of claims to real estate *through constructive notice, or through facts which are legally sufficient to put a purchaser upon inquiry.*

*Brown Family Farms, Inc. v. Brown (In re Brown Family Farms, Inc.)*, 80 B.R. 404, 408 (Bankr. N.D. Ohio 1987) (emphasis added) (citations omitted). *See also, Costell v. Costell (In re Costell)*, 75 B.R. 348, 353 (Bankr. N.D. Ohio 1987) (holding that "inquiry notice" can affect the trustee's § 544(a)(3) avoidance powers); John C. Murray, *Is A Defective Mortgage Protected From A Preference Claim?*, 105 COM. L.J. 399, 405 (Winter, 2000) ("The Ohio lis pendens doctrine, pursuant to Ohio Revised Code section 2703.26, creates constructive notice of the plaintiff's interest in property that is the subject of the action to

bona fide purchasers from the time of service of the summons [or publication].") (citations omitted).

We conclude, therefore, that the Ohio lis pendens statute operates to provide constructive notice of the pendency of a suit concerning specifically described property and with it the knowledge, albeit deemed or imputed, of all claims against the property that might reasonably be discerned from an investigation into the circumstances of the litigation.

This conclusion is reinforced by the second sentence of the lis pendens statute, which provides that during the pendency of the litigation no third person can acquire an interest in the property that disregards the plaintiff's interest. "'The principle that the purchaser of the subject matter of a suit *pendente lite* acquires no interest as against the plaintiff's title, whether legal or equitable, is too well established to be now questioned.'" *Fox v. Reeder,* 28 Ohio St. 181, 184 (Ohio 1875) (quoting *Ludlow v. Kidd's Executors,* 3 Ohio at 542). A more modern reiteration of the principle holds that "if a third party acquires an interest in the property while the action is pending, that person takes the property subject to the final outcome of the action, thus protecting the plaintiff's interest in the property at issue." *Bradford v. Reid*, 710 N.E.2d 761, 763 (Ohio Ct. App. 1998) (citing *Martin, Rochford & Durr v. Lawyer's Title Ins. Corp.*, 619 N.E.2d 1130, 1131 (Ohio Ct. App. 1993)). The plain language of the Ohio statute places no limitation on the "third persons" who are prohibited from acquiring an interest in the property to the prejudice of the "plaintiff's title." From a natural reading, therefore, it would appear that bankruptcy trustees, like other prospective purchasers, are included within that statute's reach.

The trustee argues that his § 544(a)(3) avoidance powers are not restricted, notwithstanding the pending foreclosure suit, since those bankruptcy powers came into

play before the state court made a final determination concerning the property, and he expresses concern that allowing the lis pendens statute to prime the trustee's § 544(a)(3) powers would encourage mortgagees to race to the courthouse to file foreclosure suits. The latter fears, if they are valid, are not for judicial resolution, since the constructive notice effect of lis pendens is an Ohio legislative enactment. The concern about the priming effect of lis pendens must be resolved in the light of the primacy of state law as to who enjoys bona fide purchaser status. Moreover, while the bankruptcy filing triggered an automatic stay of the pending judicial foreclosure, that stay did not end the suit. Absent the trustee's avoidance action, the stay would be terminated as to the property that is the subject of the foreclosure suit as soon as that property was no longer property of the bankruptcy estate. 11 U.S.C. § 362(c)(1). In the typical Chapter 7 case, when a mortgagee's interest is not challenged successfully and when there is no value to benefit the bankruptcy estate, the property would either be abandoned from the estate or would cease to be property of the estate upon termination of the case administration. *Id.* In that event, a mortgagee such as Norwest would proceed with its judicial foreclosure to obtain in rem relief. *See Johnson v. Home State Bank,* 501 U.S. 78, 83, 111 S.Ct. 2150, 2153 (1991) ("[T]he Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy. See 11 U.S.C. § 522(c)(2)."). It matters not, therefore, for our analysis that Norwest's foreclosure suit was stayed and that no determination had been made by the state court before the filing of the bankruptcy. Notwithstanding the trustee's argument that the lis pendens statute serves only a procedural function, the point of lis pendens is that all parties are put on constructive notice of the state court's subject

10

matter jurisdiction and of the plaintiff's claims pending a final determination by that court of the plaintiff's claim to the property.

The trustee then argues that he, like other creditors, could have intervened in the foreclosure suit, but that he should not be required to do so, since the bankruptcy court had jurisdiction to determine the validity of Norwest's mortgage. We do not need to decide if the trustee was required to intervene in the state court rather than file his avoidance action in the bankruptcy court, but in the face of Ohio authority on lis pendens, we choose to respect that state's courts' subject matter jurisdiction, especially in view of that state's application of lis pendens to bona fide purchasers.

An analysis of case authority from Ohio reveals that, absent some compelling reasons, such as negligence or prejudicial delay by the plaintiff in prosecuting the pending suit, lis pendens applies to all parties, including bona fide purchasers. *See Fox v. Reeder,* 28 Ohio St. at 184 ("[T]o make *lis pendens* available as notice to subsequent innocent purchasers, there must be a close and continuous prosecution of the suit.");[4] *Cook v. Mozer,* 140 N.E. at 592 ("'It is immaterial that a purchaser was a bona fide purchaser.'") (citation omitted).

There is nothing in Ohio's statute to prevent it providing constructive notice to third parties, such as the Chapter 7 trustee, who acquire an interest in property that is already subject to a foreclosure action. The Ohio Supreme Court gave lis pendens effect to a foreclosure suit brought in a federal court. *Stewart v. Wheeling & L. E. Ry. Co.,* 41 N.E. 247 (Ohio 1895), paragraph 2 of the syllabus. The United States Supreme Court, in an

---

[4] In the case before this panel, we have no contention that Norwest was responsible for any delay in its prosecution of the foreclosure suit, which was, of course, stayed by the bankruptcy filing.

11

appeal from Ohio, *Stout v. Lye,* 103 U.S. 66 (1880), acknowledged the lis pendens effect of a foreclosure suit. Moreover, that Court earlier had recognized that an assignee in bankruptcy, under the Bankruptcy Act of 1867, stood in the same position as any other purchaser of property that was the subject of a pending foreclosure suit. *Eyster v. Gaff,* 91 U.S. 521 (1875). The general principles of lis pendens, therefore, are applicable to foreclosure suits, like other suits. *See Allen-Baker v. Shiffler,* 715 N.E.2d 1185, 1189 (Ohio Ct. Com. Pl. 1998) (giving the lis pendens statute constructive notice effect in a foreclosure action).

In this case the parties stipulated that the Debtor executed a first mortgage. As we previously stated in *Zaptocky*, "[w]here a grantee has given consideration but legal title was not conveyed because of defects in execution, the grantee obtains an equitable interest in the real property." 232 B.R. at 83 (citing *Basil v. Vincello*, 553 N.E.2d 602, 606 (Ohio 1990) ("'[A] defectively executed conveyance of an interest in land is valid as between the parties thereto, in the absence of fraud.'") (citation omitted), and *Amick v. Woodworth*, 50 N.E. 437, 441 (Ohio 1898) (holding that one who satisfies a prior encumbrance gains an equitable interest in the property)). In affirming *Zaptocky,* the Sixth Circuit noted that "a bona fide purchaser may only avoid an improperly executed mortgage under Ohio law *if he does not have actual or constructive knowledge of that transaction,*" *In re Zaptocky*, 250 F.3d at 1027 (emphasis added), thus implying that if the purchaser *did* have such knowledge about the defective mortgage the purchaser could *not* avoid it. Thus, a trustee's constructive knowledge of a prior equitable interest, even though it may be the remnant of a defective legal instrument, is sufficient to thwart the trustee's accession to the

12

status of bona fide purchaser without notice, the prerequisite to employment of the Bankruptcy Code's strong arm powers.

As previously stated, the fact that no determination had been made on the foreclosure suit prior to the Debtor's bankruptcy filing does not change matters. Given the parties' agreement that the Debtor did execute the mortgage, it is undisputed that Norwest has at least an equitable lien on the property, and a determination in the foreclosure suit could have produced no less than that finding. Such an equitable lien may arise from "'a written agreement indicating an intent to make particular property a security for a debt or obligation.'" *Bradford v. Reid,* 710 N.E.2d at 763 (quoting *Katz v. Banning,* 617 N.E.2d 729, 734 (Ohio Ct. App. 1992)).

## V. Conclusion

Under the facts and circumstances existing in this case, pursuant to Ohio's lis pendens statute, the filing of Norwest's foreclosure suit in state court provided constructive notice to the world of, at the very least, Norwest's equitable interest in the property that is the subject of that suit. Therefore, after the commencement of that suit, no party, including the bankruptcy trustee acting pursuant to the § 544(a)(3) strong arm powers, could attain bona fide purchaser status against the interest of Norwest. The trustee's contention that the mortgage was improperly executed and is therefore invalid is an attack pursuant to the recording statutes--one form of constructive notice under Ohio law. Norwest defends the trustee's avoidance on the basis of lis pendens--another form of constructive notice under Ohio law and one that we must respect. In contrast to *Zaptocky* where constructive notice

13

was not established, the Sixth Circuit made it clear that once "constructive notice has been established," the trustee is no longer entitled to the bona fide purchaser position. 250 F.3d at 1028. The bankruptcy court did not err in granting Norwest's motion for summary judgment in this case based on Ohio's lis pendens statute, and the decision of the bankruptcy court granting summary judgment is **AFFIRMED**.