In re Pauline Ann COLLINS, Debtor.

Frederick L. Ransier, Trustee, Plaintiff,

v.

Standard Federal Bank, FSG, et al., Defendants.

Bankruptcy No. 01–61393.
Adversary No. 02–2092.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

April 16, 2003.

**844**

David A. Freeburg, Cleveland, OH, for Defendant Standard Federal.

Frederick L. Ransier, III, Tiffany Strelow Cobb, Vorys, Sater, Seymour and Pease, LLP, Columbus, OH, for Plaintiff.

### ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This matter comes before the Court upon the Defendant Standard Federal Bank's Motion for Summary Judgment ("Defendant's Motion"), the Cross–Motion of Plaintiff Frederick L. Ransier, Trustee for Summary Judgment and Consolidated Memorandum in Support of Cross–Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment ("Trustee's Motion"), and the Defendant Standard Federal Bank's Brief in Opposition to Plaintiff's Motion for Summary Judgment and Reply in Favor ("Defendant's Memo Contra").

### I. STATEMENT OF JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

### II. SUMMARY JUDGMENT STANDARD OR REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure, incorporated by Bankruptcy Rule 7056 provides:

> [Summary judgment] ... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The purpose of a motion for summary judgment is to determine if genuine issues of material fact exist to be tried. *Lashlee v. Sumner,* 570 F.2d 107, 111 (6th Cir. 1978). The party seeking summary judgment bears the initial burden of asserting that the pleadings, depositions, answers to interrogatories, admissions and affidavits establish the absence of genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989). The burden on the moving party is discharged by a "showing" that there is an absence of

evidence to support a nonmoving party's case. *Celotex Corp.*, 477 U.S. at 325, 106 S.Ct. 2548. Summary judgment will be appropriate if the nonmoving party fails to establish the existence of an element essential to its case, and on which it will bear the burden of proof. *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548. Thus, the ultimate burden of demonstrating the existence of genuine issues of material fact lies with a nonmoving party. *Lashlee*, 570 F.2d at 110–111.

The fact that the parties have filed cross motions for summary judgment does not change the standards upon which courts must evaluate summary judgment motions. *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir.1991). Courts still must resolve each motion on its own merits drawing all reasonable inferences against the moving party in each instance. *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed.Cir.1987). Where genuine issues of material fact remain, neither motion should be granted. *Id.*

## III. FACTS

It is undisputed that Debtor signed a mortgage in favor of Standard Federal Bank, FSB (Standard Federal) on a property located at 140 West Como Street, Columbus, Ohio. Plaintiff claims that Debtor signed the mortgage in her home before no witnesses and before no notary. The Plaintiff further claims that she signed the mortgage on or before May 28, 1999, and mailed it to Standard Federal. The mortgage was recorded in the Franklin County, Ohio Recorder's Office on June 10, 1999 at 1:04 p.m.

Standard Federal claims that it filed a foreclosure action against the Debtor on the same property, on February 22, 2001. Standard Federal filed the foreclosure action in the Franklin County, Ohio Court of Common Pleas. On May 23, 2001, the state court issued a decree of foreclosure.

On September 27, 2001, the Debtor filed her petition under Chapter 7 of the Bankruptcy Code. On February 12, 2002, the Trustee filed this adversary proceeding. In the adversary proceeding, Trustee alleged that the Standard Federal mortgage was not witnessed nor acknowledged in conformity with the laws of the State of Ohio. Trustee alleged, among other things, that the Standard Federal mortgage should be avoided pursuant to 11 U.S.C. §§ 544(a)(3) and (b)(1).

## IV. ISSUES

At issue in this case is whether the Trustee may avoid the Standard Federal mortgage pursuant to 11 U.S.C. § 544(a)(3) and relevant Ohio law. Because the Ohio mortgage law recently has been amended, the Court first must determine which version of the relevant statutes applies to this Standard Federal mortgage.

Also at issue in this case is whether *lis pendens* applies to bar Trustee's claim under 11 U.S.C. § 544(a)(3). Standard Federal contends, based upon *Treinish v. Norwest Bank Minnesota (In re Periandri)*, 266 B.R. 651 (6th Cir. BAP 2001), that its foreclosure complaint, containing a specific description of the real property bars Trustee's claims.

## V. DISCUSSION

### A. The Strong Arm Clause, 11 U.S.C. § 544(a)(3).

█ Trustee argues that the strong arm clause allows the estate to avoid the Standard Federal mortgage because it was not properly witnessed nor acknowledged pursuant to Ohio law. The strong arm clause provides as follows:

(a) The trustee shall have, as of the commencement of the case, and without

regard to any knowledge of the trustee or any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by- (3) A bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists. 11 U.S.C. § 544(a)(3) (2002). "Whether the [T]rustee has actual knowledge of the mortgage is irrelevant." *Davis v. Ocwen Federal Savings Bank (In re Haviaras)*, 266 B.R. 792, 795 (N.D.Ohio 2001).

 As set forth above, 11 U.S.C. § 544(a)(3) permits the Trustee to avoid any transfer of real property that would not be enforceable against a bona fide purchaser of the property at the time that a bankruptcy petition is filed. *Williams v. Marlar (In re Marlar)*, 252 B.R. 743, 752 (8th Cir. BAP 2000). *See also Yoppolo v. Household Realty Corp. (In re Winland)*, 276 B.R. 773, 780 (Bankr.N.D.Ohio 2001). The effect of 11 U.S.C. § 544(a)(3) is that any creditor who has their security interest avoided is treated as a general unsecured creditor. For purposes of this section, the Trustee's avoiding powers are subject to Ohio law.

**B. Ohio Law.**

There have been recent changes to Ohio's mortgage law. Ohio Revised Code § 5301.01 sets forth the requirements for proper execution of a mortgage, but this section has been recently amended. *See Suhar v. Land (In re Land)*, 289 B.R. 71, 73 (Bankr.N.D.Ohio 2003). The recently amended version of Ohio Revised Code § 5301.01 became effective February 1, 2002.

Prior to February 1, 2002, Ohio Revised Code § 5301.01 sprang from Senate Bill 114. *In re Land*, 289 B.R. at 73. Under that version, for a mortgage to be properly executed, it: (1) had to be signed by the mortgagor; (2) the signature had to be acknowledged by the mortgagor in the presence of two witnesses; and (3) the mortgagor's signature had to be acknowledged or certified by a notary public or other designated individual. *Id.* Applying that version of Ohio Revised Code § 5301.01(A), "a mortgage failing to meet all of the aforementioned requirements is defectively executed and avoidable by third parties." *Id.*

All mortgages in Ohio must be recorded pursuant to Ohio Revised Code § 5301.25(A). For a recording to be effective, a mortgage must be properly executed. Without proper execution, the recording is ineffective and the mortgage is "fraudulent, so far as it relates to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of such ... instrument." *In re Land*, 289 B.R. at 74 (*quoting Amick v. Woodworth*, 58 Ohio St. 86, ¶ 2, (syllabus), 50 N.E. 437 (1898)). Applying 11 U.S.C. § 544(a)(3), bankruptcy trustees have been permitted to stand in the place of a bona fide purchaser and avoid improperly executed mortgages. *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1028 (6th Cir.2001).

Ohio's legislature enacted Ohio Revised Code § 5301.234 on June 30, 1999. This section created an irrefutable presumption that all recorded mortgages were properly executed. Evidence of a defect in witnessing of mortgages was no longer evidence of fraud and did not rebut presumption of proper execution. Ohio Revised Code § 5301.234 (repealed 2002). However, this section's constitutionality was challenged. *See In re Land*, 289 B.R. at 74. Parties

challenged Ohio Revised Code § 5301.234 arguing that it violated the single subject rule and that it improperly vested rights when applied retroactively. The Ohio Supreme Court held that this section could be applied retroactively in *In re Stewart*, 96 Ohio St.3d 67, 771 N.E.2d 250 (2002). However, Ohio Revised Code § 5301.234 was repealed on February 1, 2002 with House Bill 279.

House Bill 279 also amended Ohio Revised Code § 5301.01. *See In re Land*, 289 B.R. at 74–75. Effective February 1, 2002, Ohio Revised Code § 5301.01 no longer requires two witnesses for proper mortgage execution and declares that all mortgages, prior to February 1, 2002, are "deemed properly executed and ... presumed to be valid[,]" regardless of whether two witnesses were at the signing of the mortgage.

### C. Which Version of O.R.C. § 5301.01 Applies to the Mortgage at Issue.

■■■■ This Court agrees with Judge Bodoh's reasoning in *In re Land*, 289 B.R. at 75:

Courts have concluded that laws in force at the making of a contract actually form part of the contract. *Weil[v. State]*, 46 Ohio St. [450] at 453, 21 N.E. 643 [(1889)]. " '[C]ontracts must be expounded according to the law in force at the time they were made, and the parties are as much bound by a provision contained in a law as if that provision had been inserted in and formed part of the contract.' " *Id.* at 453, 21 N.E. 643 (citation omitted). The law in effect at a contract's making is inextricably intertwined with a contract because an obligation fixed by an agreement depends upon the binding force of a contract on the parties making it. *See Goodale[ v. Fennell]*, 27 Ohio St. [426] at 432–32[, 1875 WL 189 (1875)]. An agreement

must be enforceable based upon the intent of the parties at the time the contract was formed. Laws in effect at the making of a contract "are necessarily referred to in all contracts as forming part of them, as the measure of the obligation to perform them, and as creating the right acquired by the other party to compel performance." *Id.* at 432.

■■ The Court concludes that the date of the signing of the mortgage determines the law of the contract. Debtor's mortgage is dated May 28, 1999, and Debtor claims that she signed the mortgage on or before that date. Accordingly, the Court concludes that the Senate Bill 114 version of Ohio Revised Code § 5301.01, effective August 10, 1994 through January 31, 2002, applies to this mortgage.

### D. Application of Ohio Revised Code § 5301.234.

The Court concludes that Ohio Revised Code § 5301.234 does not govern this mortgage because: (1) it was not in effect at the time of the mortgage signing and (2) it was repealed. *See In re Land*, 289 B.R. at 75–76. As stated above, the law in effect at contract signing governs the contract.

### E. Applying the Senate Bill 114 Version of Ohio Revised Code § 5301.01.

■■■■■ In this case, Trustee maintains that the mortgage which appeared valid on its face, was not executed in accordance with Ohio law. In particular, the Trustee asserts that the mortgage was not acknowledged appropriately. Such an assertion bears a heavy burden. Ohio case law has generally held that a notarial acknowledgment is conclusive evidence of the facts as set forth therein. *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 232

B.R. 76, 80 (6th Cir. BAP 1999). When a party, such as the Trustee, seeks to challenge a notarial acknowledgment contained in a mortgage, he must establish his challenge by clear and convincing evidence. *See In re Winland,* 276 B.R. 773, 781 (Bankr.N.D.Ohio 2001).

■■■ As in *Zaptocky,* the Trustee has successfully challenged the proper execution of the mortgage. In *Zaptocky,* the bankruptcy trustee alleged that one of the witnesses, whose signature appeared on the mortgage, was not actually present when the debtors executed the mortgage. *In re Zaptocky,* 231 B.R. at 262. At the trial, the trustee presented the testimony of the debtors who both stated that the mortgage was executed in their home and only one witness was present. *Id.* The witness/notary partially corroborated this testimony. *Id.*

In opposition to this testimony, the mortgage company emphasized that its mortgage appeared valid on its face. The mortgage company also introduced testimony that its company policy required the presence of two witnesses and a notary public at every mortgage transaction. *Id.* After considering the evidence, the bankruptcy court determined that the mortgage was not properly executed. *Id* at 264. The court determined that ordinarily a home refinancing transaction is an extraordinary event for a consumer. Such an event, when occurring in one's home, would stick out in a debtor's mind. *Id.* Additionally, the court was persuaded by the fact that no one, through first-hand knowledge, could refute the testimony that a second witness was not present. *Id.*

On appeal, the Sixth Circuit Bankruptcy Appellate Panel affirmed this decision, holding that the "bankruptcy court's account of events was plausible in light of the record viewed in its entirety...." *In re Zaptocky,* 232 B.R. at 81. Although not ostensibly adopting a broad rule that a debtor's testimony is always sufficient to overcome the existence of a facially valid mortgage, the Sixth Circuit Bankruptcy Appellate Panel did "espouse the premise that a debtor's testimony when coupled with other circumstances, could be sufficient to invalidate a mortgage which otherwise appears valid on its face." *In re Winland,* 276 B.R. at 781.

In this case, Debtor submitted an affidavit in support of Trustee's Motion. In that affidavit, Debtor stated that:

1. I reside at 140 West Como Road, Columbus, Ohio (the "Property"), and am the Debtor in the above-captioned Chapter 7 bankruptcy proceeding.

2. I purchased the Property solely in my own name in September of 1997, which property was secured by a first mortgage.

3. The Property was refinanced by me in May of 1999.

4. In May of 1999, I signed the first mortgage of the Property to Standard Federal Bank (the "Standard Federal Mortgage"). I am informed that a copy of this mortgage document may be filed as Exhibit A to the Motion for Summary Judgment of Frederick L. Ransier, Trustee.

5. I was the only person present when I signed Standard Federal Mortgage.

6. I did not sign the Standard Federal Mortgage in the presence of the purported witnesses, Linda Kaufman or Trent Kaufman.

7. I did not acknowledge my signature on the Standard Federal Mortgage to Linda Kaufman or Trent Kauman.

8. I did not deliver the signed Standard Federal Mortgage to Linda Kaufman or Trent Kaufman.

9. I did not appear before the purported notary of the Standard Federal Mortgage, Darrell B. Kaufman.

10. I did not acknowledge before Darrell B. Kaufman that I had signed the Standard Federal Mortgage as my free and voluntary act and deed.

(Trustee's Motion, Exhibit B).

Standard Federal failed to contest any portion of the Debtor's affidavit. Standard Federal failed to provide any evidence that its witnesses or notary were present when Debtor signed the mortgage. Standard Federal provided no evidence that Debtor's situation was contrary to Standard Federal's usual business practices.[1] The Court finds that the Trustee has met its burden that the mortgage was not acknowledged appropriately.

### F. *Lis Pendens.*

 Standard Federal, however, contends that even if the mortgage is deemed defective due to lack of witnesses, based upon *In re Periandri,* 266 B.R. 651 (6th Cir. BAP 2001), the mortgage cannot be avoided pursuant to 11 U.S.C. § 544(b)(3). In response to that contention, Trustee asserts that *Periandri* is distinguishable. *Periandri* involved the absence of only one witness to the mortgage, while this case involves the absence of two witnesses and a notary.

 Under Ohio law, the doctrine of *lis pendens* operates so as to charge a subsequent purchaser of and third parties having an interest in the property with notice of actions concerning the property.[2] Ohio Revised Code § 2703.26. Even though the facts are different between *Periandri* and this case, the Court concludes that the foreclosure suit by Standard Federal provided constructive notice to the world of, at the very least, its equitable interest in the property. After the foreclosure action was commenced, no party, including the Trustee acting pursuant to 11 U.S.C. § 544(a)(3), could attain a bona fide purchaser status against the interest of Standard Federal. *Id.* at 658.

### G. 11 U.S.C. § 544(b)(1).

The Trustee in response to the *lis pendens* argument of Standard Federal stated that the Trustee's 11 U.S.C. § 544(b)(1) claim remains a viable alternative ground for avoidance in this case. Standard Federal replied that the Trustee's Motion did not state any state law under which avoidance could be sought. Under the standard for summary judgment, the Court may only grant judgment where no issues of material fact remain. Based upon the Court's review of the Motions filed, the references to 11 U.S.C. § 544(b)(1) seem to be almost speculative or made in passing. The Motions focused upon 11 U.S.C. § 544(a)(3). Therefore, the Court concludes that genuine issues of material fact remain and that it cannot, at this time, issue a judgment based upon 11 U.S.C. § 544(b)(1).

### VI. *CONCLUSION*

Based upon the foregoing, the Court has concluded that the mortgage was not appropriately acknowledged pursuant to Ohio law. However, the constructive no-

---

**1.** This is particularly disturbing when the signatures included two witnesses who were not present and an Ohio notary, having certain duties under Ohio Revised Code § 174.53, who was not present. These agents of Standard Federal affirmatively signed the mortgage and purported to acknowledge Debtor's signature, when they were not present at the signing.

**2.** The doctrine, although of common law origin, is provided for in Ohio Revised Code § 2703.26. That section provides: "[W]hen summons has been served or publication made, the action is pending so as to charge third person with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action against the plaintiff's title." *See, also, Hunter v. Bank of New York (In re Anderson),* 266 B.R. 128 (Bankr.N.D.Ohio 2001).

tice created by the Ohio *lis pendens* stat-
ute prevents the Trustee from claiming
status as a bona fide purchaser for value.
*Lis pendens* bars the claim of Trustee
under 11 U.S.C. § 544(a)(3).

Therefore, the Court hereby grants De-
fendant's Motion and denies Trustee's Mo-
tion in reference to 11 U.S.C. § 544(a)(3).
However, due to the existence of genuine
issues of material fact, the Court hereby
denies Defendant's Motion relating to 11
U.S.C. § 544(b)(1).

Based upon the foregoing, the Court
further ORDERS the interested parties to
attend a pretrial conference scheduled for
**Wednesday, June 18, 2003, at 1:30 p.m.** in
Judge Calhoun's Chambers, Fourth Floor,
United States Bankruptcy Court, 170
North High Street, Columbus, Ohio 43215.

IT IS SO ORDERED.