**In re John W. FROST, Debtor.**

**Frank M. Pees, Plaintiff,**

v.

**Countrywide Home Loans, Inc., Defendant.**

**Bankruptcy No. 06–50370. Adversary No. 06–02642.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

March 14, 2008.

---

5. Much time was devoted at the hearing as to whether or not the Debtors would receive a tax refund for the 2007 or 2008 tax years. Because the Debtors have multiple sources of income to fund a plan, the issue is not determinative. We do note that the Debtors' "Tax Spreadsheet" (Hearing Exhibit 10) contains at least one error in that it treated a tax credit as if it were an additional tax to be paid.

Judith M. McInturff, Columbus, OH, for Plaintiff.

Robert B. Holman, Cleveland, OH, for Defendant.

### *MEMORANDUM OPINION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

C. KATHRYN PRESTON, Bankruptcy Judge.

This cause came on for consideration of the Motion for Summary Judgment (Doc. 21) filed by Defendant, Countrywide Home Loans, Inc., ("Countrywide" or "Defendant"), the Response (Doc. 27) filed by Plaintiff, Chapter 13 Trustee Frank M. Pees, ("Trustee" or "Plaintiff"), and Countrywide's Reply (Doc. 29) filed in the above captioned adversary proceeding. The Court having considered the record and the arguments of the parties, makes the following findings and conclusions.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the standing General Order of Reference entered in this District. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### I. Standard of Review for Motions for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Bankruptcy Rule 7056, provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of "informing the ... court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If the movant satisfies this burden, the nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The mere allegation of a factual dispute is not sufficient to defeat a motion for summary judgment; to prevail, the nonmoving party must show that there exists some genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When deciding a motion for summary judgment, all justifiable inferences must be drawn in favor of the nonmoving party. *Id.* at 255, 106 S.Ct. 2505.

The Sixth Circuit has articulated the following standard to apply when evaluating a motion for summary judgment:

> [T]he moving party may discharge its burden by "pointing out to the ... court ... that there is an absence of evidence to support the nonmoving party's case." The nonmoving party cannot rest on its pleadings, but must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial. Although we must draw all inferences in favor of the nonmoving party, it must present significant and probative evidence in support of its complaint. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."

*Hall v. Tollett,* 128 F.3d 418, 422 (6th Cir.1997) (internal citations omitted). A material fact is one whose resolution will affect the determination of the underlying action. *Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.,* 88 F.3d 1466, 1472 (6th Cir.1996). An issue is genuine if a rational trier of fact could find in favor of either party on the issue. *Schaffer v. A.O. Smith Harvestore Prods., Inc.,* 74 F.3d 722, 727 (6th Cir.1996) (citation omitted). "The substantive law determines which facts are 'material' for summary judgment purposes." *Hanover Ins. Co. v. American Eng'g Co.,* 33 F.3d 727, 730 (6th Cir.1994) (citations omitted). In determining whether each party has met its burden, the court must keep in mind that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

## II. Findings of Fact

Upon the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, the Court makes the following findings of fact: John W. Frost ("Debtor") owns real property located at 220 Ravine Ridge Drive, Powell, Ohio, which is subject to a first and a second mortgage in favor of Countrywide. At the time of the filing of the bankruptcy case, the approximate balance owed on the first mortgage was $149,294.98 and the approximate balance owed on the second mortgage was $43,411.43.

On April 26, 2004, the Debtor borrowed money from and granted the lender a first mortgage ("Mortgage") on his real property located at 220 Ravine Ridge Drive, Powell, Ohio. Countrywide is now owner and holder of the Mortgage. The Mortgage contains an acknowledgement signed and sealed by Eleanor Heis as notary public ("Notary"). The Debtor alleges, however, that during the loan closing, he only met with a man, and he does not know and has never met the Notary.

On the day of the closing, the Debtor arrived at Chelsea Title Agency ("Chelsea") around 6:15 p.m. and was greeted by a "young man" who proceeded to review the closing documents with the Debtor. The Debtor signed the documents and provided his driver's license to the man helping him. The young man did not sign any of the documents and was the only person present when the Debtor signed them. During the closing, the Debtor noticed there were other people in the office who appeared to be celebrating someone's birthday, but he did not have any interaction with them. The young man provided the Debtor a copy of only one of the pages of the documents he signed and was advised that he would receive copies of the other pages in the mail.

Nearly two years later, Countrywide filed a foreclosure action in Delaware County Court of Common Pleas on January 26, 2006, against the Debtor, and he was served with summons and a copy of the complaint on February 2, 2006. The Debtor then filed his voluntary Chapter 13 Petition for Relief on February 3, 2006. Thereafter, the Trustee initiated this adversary proceeding by filing a complaint asserting the position of a hypothetical lien creditor with rights of a bona fide purchaser of real property pursuant to 11 U.S.C. § 544(a)(3) and seeking to void the mortgage held by Countrywide on the basis that the mortgage is defective pursuant to Ohio law.

### III. Arguments of the Parties

Countrywide argues that because the Debtor was served with summons and a copy of the foreclosure complaint prior to the filing of his bankruptcy case, the doctrine of lis pendens provided the Trustee with constructive notice of the foreclosure lawsuit and prevented him from obtaining bona fide purchaser status under 11 U.S.C. § 544(a)(3). Countrywide also argues, in the alternative, that the testimony of the mortgagor alone is insufficient to overcome the certificate of acknowledgment contained in the mortgage and the testimony of the Notary.

The Trustee asserts the doctrine of lis pendens should not apply in a Chapter 13 proceeding and there is no per se rule deeming a mortgagor's testimony alone to be insufficient to overcome the presumption of validity of a certificate of acknowledgment. The Trustee also maintains that the Mortgage is defective because the Notary that signed and sealed the certificate of acknowledgment was not present when the Debtor signed the Mortgage, and thus, it is not valid under Ohio law and can be avoided pursuant to 11 U.S.C. § 544(a)(3).

### IV. Conclusions of Law

■■■ "The 'strong arm' clause of the Bankruptcy Code, 11 U.S.C. § 544(a), grants a bankruptcy trustee the power to avoid transfers of property that would be avoidable by certain hypothetical parties." *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1023 (6th Cir. 2001). Pursuant to the Bankruptcy Code, "[t]he Trustee shall have … the rights and powers of, or may avoid any transfer of property of the debtor … that is voidable by a bona fide purchaser of real property…." 11 U.S.C. § 544(a)(3). However, "the Bankruptcy Code's strong arm clause does not immunize a trustee who has constructive knowledge of a prior mortgage…." *Zaptocky*, 250 F.3d at 1027 (citation omitted). "[S]tate law determines the extent of the trustee's rights under § 544(a)(3)." *Treinish v. Norwest Bank Minn., N.A. (In re Periandri)*, 266 B.R. 651, 655 (6th Cir. BAP 2001) (citations omitted). Under Ohio law, the party challenging the validity of a mortgage must prove by clear and convincing evidence that the mortgage is not valid. *See Menninger v. Mortgage Elec. Registration Sys. (In re Bowling)*, 314 B.R. 127, 135 (Bankr. S.D.Ohio 2004).

■■■ "All mortgages in Ohio must be recorded pursuant to Ohio Revised Code § 5301.25(A)[,]" and a mortgage must be properly executed for the recording to be effective. *Ransier v. Standard Fed. Bank, FSG (In re Collins)*, 292 B.R. 842, 846 (Bankr.S.D.Ohio 2003). "Without proper execution, a mortgage's recording is ineffective and the mortgage is 'fraudulent, so far as relates to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of such … instrument.'" *Suhar v. Land (In re Land)*, 289 B.R. 71, 74 (Bankr.N.D.Ohio 2003) (quoting O.R.C. § 5301.25(A) (2002)) (omission in original). Under Ohio law, a

bona fide purchaser may only avoid an improperly executed mortgage if he does not have actual or constructive knowledge of that transaction. *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1027 (6th Cir.2001). Ohio's lis pendens statute provides that "[w]hen summons has been served or publication made, the action is pending so as to charge third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title." O.R.C. § 2703.26. "[L]is pendens operates upon the filing of a judicial foreclosure suit in Ohio, if the subject property is specifically described, and ... it provides constructive notice to all of the mortgagee's interest, whatever that may be." *Treinish v. Norwest Bank Minn., N.A. (In re Periandri)*, 266 B.R. 651, 654 (6th Cir. BAP 2001) (citations omitted). "[D]uring the pendency of the litigation no third person can acquire an interest in the property that disregards the plaintiff's interest." *Periandri*, 266 B.R. at 656; *see also Ransier v. Standard Fed. Bank, FSG (In re Collins)*, 292 B.R. 842, 849 (Bankr. S.D.Ohio 2003) (explaining that "[a]fter the foreclosure action was commenced, no party, including the Trustee acting pursuant to 11 U.S.C. § 544(a)(3), could attain a bona fide purchaser status against the interest of [the mortgagee].") (citing *Periandri*, 266 B.R. at 658).

> Further, "the provision of Bankruptcy Code § 544(a)(3) that the trustee takes the powers of a bona fide purchaser of real property, 'without regard to any knowledge of the trustee or any creditor,' does not over-ride provisions of state law which impute notice of claims to real estate, such as a lis pendens, to all the world."

*Periandri*, 266 B.R. at 656 (citation omitted).

■ In this case, Countrywide filed a foreclosure action in Delaware County Court of Common Pleas on January 26, 2006, against the Debtor and served the Debtor with summons and a copy of the foreclosure complaint on February 2, 2006. The foreclosure complaint filed by Countrywide specifically describes the subject property as it exhibits a copy of the mortgage and its legal description of Debtor's property. The Debtor filed his voluntary Petition for Relief the day after he was served with summons and a copy of the foreclosure complaint. At the time the bankruptcy commenced, Ohio's lis pendens statute operated to provide constructive notice to all of Countrywide's interest in Debtor's property and prevented a hypothetical buyer from obtaining bona fide purchaser status. Accordingly, the Trustee had constructive notice of Countrywide's mortgage and is not entitled to avoid it as a bona fide purchaser pursuant to 11 U.S.C. § 544(a)(3).[1]

■ Notwithstanding, the Trustee argues that the *Periandri* and *Collins* cases can be distinguished on the basis that the debtors in those cases filed voluntary Petitions for Relief under Chapter 7 of the Bankruptcy Code, and the Debtor in this case filed under Chapter 13. The Trustee, however, provided no authority for such a distinction, but simply stated "[t]he debtor has a separate right to challenge the validity of the mortgage during the pendency

---

1. Because the lis pendens statute bars the Trustee from prosecuting a cause of action pursuant to 11 U.S.C. § 544(a)(3), this opinion does not make a determination regarding the propriety of the other arguments submitted by the parties regarding whether the mortgage is defective and whether a mortgagor's testimony alone is insufficient to overcome the presumption of validity of a certificate of acknowledgment.

[sic] of the foreclosure,[2] and a continuing right to challenge the validity as a debtor-in-possession." Plaintiff's Response at 4. "[O]n the face of the Code, there is no statutory authority for a Chapter 13 debtor to exercise the avoidance or recovery powers in §§ 544, 545, 547 and 548 except to protect an exemption under the circumstances described in § 522(h)." 1 Keith M. Lundin, Chapter 13 Bankruptcy, § 53.1, p 53–2 (3d ed. 2000 & Supp.2004); *see, e.g., Kildow v. Mortgage Corp. (In re Kildow)*, 232 B.R. 686, 692 (Bankr. S.D.Ohio 1999) ("[C]hapter 13 debtors may avoid transfers, subject to the restrictions set forth in Sections 522(g)(1) and (h), because such a rule strikes the appropriate balance between the language of the Bankruptcy Code and the true role of a chapter 13 trustee."); *but see In re Perry*, 131 B.R. 763, 768–69 (Bankr.D.Mass.1991) ("The express rights and powers given a chapter 13 debtor do not include § 544(a) avoidance powers."). In the case at bar, the Debtor is not a party to the action; thus, the issue of whether the Debtor has standing to prosecute a cause of action under 11 U.S.C. § 544 is not properly before this Court. Nonetheless, it is worth noting that "[u]nder any circumstances, a Chapter 13 debtor's exercise of avoidance powers is subject to the normal defenses and restrictions on a trustee's powers to avoid transfers and conveyances." 1 Keith M. Lundin, Chapter 13 Bankruptcy, § 53.1, p 53–23 (3d ed. 2000 & Supp.2004).

In addition, the Trustee makes numerous "public policy" arguments as to why the lis pendens statute should not operate to defeat the Trustee's cause of action in this case. First, the Trustee argues that the lis pendens statute unfairly provides a safe harbor for a mortgage company that otherwise fails to comply with the formalities for executing a mortgage properly. Second, the Trustee argues that Ohio's lis pendens statute "creates a non-sensical race to the courthouse to either file a bankruptcy or a foreclosure." Plaintiff's Response at 6. "There is nothing in Ohio's statute to prevent it providing constructive notice to third parties, such as the … trustee, who acquire an interest in property that is already subject to a foreclosure action[,]" and any concerns regarding the possibility that Ohio's lis pendens statute might encourage mortgagees to race to the courthouse to file foreclosure suits "are not for judicial resolution, since the constructive notice effect of lis pendens is an Ohio legislative enactment." *Treinish v. Norwest Bank Minn., N.A. (In re Periandri)*, 266 B.R. 651, 657–58 (6th Cir. BAP 2001). Accordingly, the Court finds the Trustee's arguments as to why lis pendens should not apply in this case to be unpersuasive.

## V. Conclusion

For the foregoing reasons, the Court finds that by operation of the lis pendens statute, the Chapter 13 Trustee had constructive knowledge of Countrywide's mortgage at the time the bankruptcy case was filed, and thus, could not acquire the status as a bona fide purchaser. Therefore, the Trustee cannot maintain an action to avoid Countrywide's mortgage pursuant to 11 U.S.C. § 544(a)(3). Accordingly, the Court finds that there are no genuine issues of material fact and the Defendant is entitled to judgment as a matter of law. Therefore, it is:

**ORDERED AND ADJUDGED** that the Defendant's Motion for Summary Judg-

---

**2.** Plaintiff does not specifically state whether Debtor would be challenging the validity of the mortgage in Bankruptcy Court or in the state court where the foreclosure action was filed. Nonetheless, "[a] defectively executed conveyance of an interest in land is valid as between the parties thereto, in the absence of fraud." *Citizens Nat'l Bank v. Denison*, 165 Ohio St. 89, 95 133 N.E.2d 329 (1956) (citations omitted).

ment hereby is **GRANTED.** A separate Final Judgment will be entered in accordance with the foregoing.

**IT IS SO ORDERED.**